OPINION
PER CURIAM.
Immigration Appeals (“BIA”) denying her motion to reopen her immigration proceedings. For the reasons that follow, we will grant her petition, vacate the BIA’s decision, and remand the matter to the BIA for further proceedings.
Zhang is a native and citizen of China. She arrived in the United States bearing a passport in someone else’s name in June 2001 and immediately applied for asylum based on her political opinions and forced marriage to the mayor’s son. In light of the discrepancies in her testimony, the lack of any substantive explanation for them, and the lack of supporting documentation for her claims, the IJ concluded that Zhang had failed to meet her burden of *192 proof and denied relief. On September 9, 2003, the BIA affirmed and dismissed her appeal.
On February 11, 2008, more than four years later, Zhang filed a motion to reopen her immigration proceedings, claiming that country conditions had changed since the denial of her application. In her motion, Zhang explained that since 2003 she had married and given birth to two children, one in 2003 and the other in 2007. She claimed that officials in her hometown had recently begun stepping up enforcement of the country’s family planning policy and had indicated that she would be sterilized if removed to China. In support of her motion, she submitted part of the 2006 State Department report on human rights practices in China; her new application for asylum; her affidavits; her marriage certificate; her birth certificate; the birth certificates of her husband and children; her son’s Chinese travel document; a statement from her mother in China dated December 27, 2007, which avers that she heard that a local villager and a woman in another village were subjected to sterilization; two unauthenticated sterilization certificates; and a notice from her village indicating that she will be required to comply with China’s family planning policies upon her return to China. In addition, she supplied nearly twenty documents, reports and statements from government agencies in the United States and China which purportedly address the current state of the enforcement of China’s family planning policy.
On May 15, 2008, the BIA denied Zhang’s motion to reopen, finding that it was untimely and that she had not demonstrated that country conditions in China had changed so as to meet the exception to the 90-day filing period. See 8 C.F.R. §§ 1003.2(c)(2), 1003.2(c)(3)(h). The BIA noted Zhang’s claims that “persecutive means of enforcing the country’s family planning policy, such as forced abortions and sterilizations, have been on the rise,” and that family planning officials are aware that she is the mother of two children. The BIA recited all of the documents submitted by Zhang in support of her claim, noted that some of them were incomplete, unauthenticated or contained insufficient information, and failed to comment on the rest, except to say that many — though not all — of them had already been considered by the BIA in Matter of S-Y-G-, 24 I. & N. Dec. 247 (BIA 2007), Matter of J-H-S-, 24 I. & N. Dec. 196 (BIA 2007); Matter of J-W-S-, 24 I. & N. Dec. 185 (BIA 2007), and Matter of C-C-, 23 I. & N. Dec. 899 (BIA 2006), and had not been found to support the finding of a material change in country conditions. Finally, the BIA rejected Zhang’s argument that she was permitted to file a successive asylum application based on changed personal circumstances under Section 208(a)(2)(D) of the Immigration and Nationality Act, 8 U.S.C. § 1158(a)(2)(D), irrespective of whether she could show changed country conditions.[1] Zhang timely filed a petition for review.
We have jurisdiction over this petition for review pursuant to 8 U.S.C. § 1252. We review the BIA’s denial of a motion to reopen for abuse of discretion. Liu v. Attorney General, 555 F.3d 145, 148 (3d Cir.2009). Under this standard, we will reverse the BIA’s decision only if it is *193 “arbitrary, irrational, or contrary to law.” Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir.2002). In addition, we will uphold the BIA’s factual determinations so long as “they are ‘supported by reasonable, substantial, and probative evidence on the record considered as a whole.’ ” See Liu, 555 F.3d at 148 (quoting INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)). As we have explained, under this standard the BIA’s findings “must be upheld unless the evidence not only supports a contrary conclusion, but compels it.” Abdille v. Ashcroft, 242 F.3d 477, 484 (3d Cir.2001). Motions to reopen generally must be filed with the BIA “no later than 90 days after the date on which the final administrative decision was rendered.” 8 C.F.R. § 1003.2(e)(2). An exception to the 90-day limit exists, however, for motions that rely on evidence of “changed circumstances arising in the country of nationality ... if such evidence is material and was not available and could not have been discovered or presented at the previous proceeding.” 8 C.F.R. § 1003.2(c)(3)(ii); see also Zheng v. Attorney General, 549 F.3d 260, 265 (3d Cir. 2008).
We recently considered the BIA’s denial of motions to reopen based on changed country conditions in Zheng, in which we vacated the denial of two motions to reopen based on the BIA’s failure to comprehensively discuss the evidentiary record. See 549 F.3d at 268-69. As we explained, in reviewing evidence of changed country conditions submitted by a petitioner, “ ‘[t]he BIA should demonstrate that it has considered such evidence, even if only to dismiss it. In so doing, the BIA should provide us with more than cursory, summary or conclusory statements, so that we are able to discern its reasons for declining to afford relief to a petitioner.’ ” Id. at 268 (quoting Wang v. BIA, 437 F.3d 270, 275 (2d Cir.2006)). We emphasized that “ ‘[immigration judges) and the BIA have a duty to explicitly consider any country conditions evidence submitted by an applicant that materially bears on his claim,’ and ‘[a] similar, if not greater, duty arises in the context of motions to reopen based on changed country conditions.’ ” Id. (quoting Guo v. Gonzales, 463 F.3d 109, 115 (2d Cir.2006)). Because the BIA in Zheng failed to engage in a comprehensive discussion of the evidence before it, we were unable to discern whether the BIA had actually reviewed all of Zheng’s documentation. See id. Accordingly, we remanded the matter to the BIA in order to allow it the opportunity to engage in a more comprehensive review of Zheng’s evidence of changed country conditions in China. See id. at 272. In so doing, we explicitly stated that our decision was based on procedural grounds and should not be construed as “implying] that the BIA reached an incorrect result predicated on the records before it in either case.” See id.
In the instant case, the BIA did little more than recite a list of documents which were submitted by petitioner and note that some — but not all — of them had been considered by the BIA in previous decisions such as Matter of S-Y-G-, 24 I. & N. Dec. 247 (BIA 2007), Matter of J-H-S-, 24 I. & N. Dec. 196 (BIA 2007); Matter of J-W-S- 24 I. & N. Dec. 185 (BIA 2007), and Matter of C-C-, 23 I. & N. Dec. 899 (BIA 2006). Among the documents submitted by Zhang which were not before the BIA in its previous decisions were the 2006 State Department Country Report, which acknowledges the occurrence of forced sterilization in Fujian Province (J.A. 199-201), and numerous news articles from both Chinese and western media published during the spring of 2007, along with recent government propaganda, which intimate that forced sterilization campaigns are becoming more common as various *194 provinces now strictly enforce the birth control limits. (J.A. 156, 170, 324, 331-32, 336, 339-40, 341-42, 343, 348, 360, 362, 371-72, 385-86.) Zhang also refers to an April 2007 report of the Consulate General in Guangzhou which concluded that Chinese nationals with American-born children are subject to birth control laws in their region (J.A. 113), and a March 2006 policy statement from the Administrative Office of China’s National Population and Family Planning Committee of China (“NPFPC”) responding to the Fujian Province Population and Family Planning Committee’s inquiry on the legal applicability of family planning laws to Chinese citizens residing in other countries. In the statement, the NPFPC explicitly confirms that “as long as a couple are both citizens of China, they are subject to the Family Planning Laws of China, regardless of where their children are born.” (J.A. 117.) The BIA’s decision fails to provide us with any information regarding its assessment of these documents. Accordingly, as in Zheng, we must remand to the BIA to ensure a thorough consideration of petitioner’s evidence of changed country conditions. See 549 F.3d at 268; see also Yaner Li v. Attorney Gen., 488 F.3d 1371, 1375-76 (11th Cir.2007); Yang v. Gonzales, 427 F.3d 1117, 1122 (8th Cir.2005).
Based on the foregoing, we will grant the petition for review, vacate the BIA’s decision denying the motion to reopen, and remand the matter for further proceedings consistent with this opinion.

. As Zhang does not raise the propriety of this decision on appeal, we need not address it any further. We did, however, explain in Liu v. Attorney General, 555 F.3d 145 (3d Cir. 2009), that "8 U.S.C. § 1158(a)(2)(D) allows successive asylum applications only within the 90-day reopening period for orders denying asylum unless the alien can show changed country conditions on the required accompanying motion to reopen.” Id. at 150.